NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1116
_____

CONFERENCE OF PRESIDENTS OF MAJOR ITALIAN AMERICAN
ORGANIZATIONS, INC.; MARK F. SQUILLA, PHILADELPHIA CITY
COUNCILMEMBER; THE 1492 SOCIETY; JODY DELLA BARBA,
Appellants

GRAND LODGE OF PENNSYLVANIA SONS AND DAUGHTERS OF ITALY

v.

CITY OF PHILADELPHIA; MAYOR JAMES F. KENNEY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:21-cv-01609)
District Judge: Honorable C. Darnell Jones II
_____

Submitted Under Third Circuit L.A.R. 34.1(a):
January 18, 2023
_____

Before: AMBRO, PORTER, and FREEMAN
*Circuit Judges*.

(Filed: January 27, 2023)

_____

OPINION*

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not
binding precedent.

**PORTER**, *Circuit Judge*.

Philadelphia Mayor James Kenney issued an executive order rescinding the city's recognition of Columbus Day and redesignating the holiday as Indigenous People's Day. A group of Italian Americans sued Mayor Kenney and the City of Philadelphia for depriving them of equal protection of the laws. The District Court dismissed their complaint after it found that they had alleged no injury-in-fact. We will affirm.

I

The federal government observes Columbus Day on the second Monday in October to commemorate "the anniversary of the discovery of America." H.J. Res. 10, 73d Cong. (1934) (enacted), *see* J.A. 52; 5 U.S.C. § 6103. Until 2021, the city of Philadelphia similarly marked Columbus Day as a city holiday. In recognition of Christopher Columbus's Italian heritage, the Philadelphia City Council traditionally designates the week of the holiday as "Italian American Heritage Week." And since 1957, the city has conducted an annual Columbus Day Parade.

On January 27, 2021, Mayor Kenney issued Executive Order 2-21 replacing Columbus Day with Indigenous People's Day. J.A. 43-44 and Exhibit A hereto. The Conference of Presidents of Major Italian American Organizations, Inc. (COPOMIAO), Philadelphia Councilmember Mark Squilla, the 1492 Society, and the 1492 Society secretary Jody Della Barba (collectively, "Plaintiffs") took offense.[1] They view Executive

---

[1] COPOMIAO is a New York nonprofit that represents forty-six Italian American organizations across the country including in Pennsylvania. Squilla is an Italian American councilmember for Philadelphia's First District. The 1492 Society is a Pennsylvania

Order 2-21 to be the latest act in a pattern of hostility by Mayor Kenney against Italian Americans. According to Plaintiffs, additional evidence of Kenney's discriminatory animus includes: removing a statue of Italian American mayor and police commissioner Frank Rizzo from the Municipal Services Building; refusing to return the statue to its owner, the Frank L. Rizzo Monument Committee; making preparations to remove a Christopher Columbus statue in Marconi Plaza; referring to Italian Americans who challenged the Columbus statue's removal as "vigilantes"; reassigning police captain Lou Campione from his South Philadelphia command; omitting a zip code with a high concentration of Italian Americans from a COVID-19 vaccination list; and using derogatory language towards Italian Americans.

Plaintiffs sued Philadelphia and Mayor Kenney in the Eastern District of Pennsylvania under 42 U.S.C. § 1983 alleging that they violated the Equal Protection Clause by redesignating Columbus Day as Indigenous Peoples' Day. They asked the District Court to nullify Executive Order 2-21 and hold it unconstitutional, stop the city from changing the holiday, and declare that Italian Americans are a protected class.

The District Court dismissed the suit for lack of standing because Plaintiffs failed to plead an injury-in-fact. Plaintiffs timely appealed.[2] We have jurisdiction under 28 U.S.C. § 1291.

---

nonprofit based in Philadelphia that sponsors the Columbus Day parade and festival. Della Barba is an Italian American secretary of the 1492 Society and its parade organizer.

[2] The Grand Lodge of Pennsylvania intervened on the side of the plaintiff in District Court. The Grand Lodge did not file a notice of appeal and was not named in the

II

We review de novo a motion to dismiss for lack of subject matter jurisdiction. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017). In their motion to dismiss, Kenney and Philadelphia facially attacked the sufficiency of Plaintiffs' complaint. We apply the same Rule 12(b)(6) standard on review, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences in Plaintiffs' favor. *Id.* at 632–33 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

III

Article III of the Constitution limits our judicial power to "cases" and "controversies." U.S. Const. art. III, § 1. We apply the doctrine of standing to identify those suits that are justiciable under Article III as cases or controversies. *See Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Whether a party has Article III standing to sue is the "threshold inquiry in every case." *Hassan v. City of New York*, 804 F.3d 277, 289 (3d Cir. 2015). The party asserting federal jurisdiction has the burden of proving standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

To decide standing, we ask three questions. Has the plaintiff suffered an injury-in-fact? *Id.* at 560. Is the injury "fairly traceable to the challenged action of the defendant"? *Id* (internal ellipses and brackets omitted). And is the injury "likely" to be "redressed by a

appeal filed by COPOMIAO, Squilla, the 1492 Society, and Della Barba. Its claims are dismissed for failure to comply with Federal Rule of Appellate Procedure 3(c)(1)(A).

favorable decision"? *Id.* at 561 (quotation omitted). A plaintiff has standing when all three questions are affirmatively answered.

An injury-in-fact is "an invasion of a legally protected interest" that must be "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotation and citations omitted). The burden of alleging an injury-in-fact is low. *Hassan*, 804 F.3d at 289. A discriminatory classification may qualify as an injury-in-fact when "a citizen's right to equal treatment is at stake." *Id.* at 289–90 (citing *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 657 (1993)). *See also Fields v. Speaker of the Pa. House of Representatives*, 936 F.3d 142, 160 (3d Cir. 2019) (quoting *Moore v. Bryant*, 853 F.3d 245, 250 (5th Cir. 2017) ("[T]he gravamen of an equal protection claim is differential government treatment, not differential government messaging.").

Here, Plaintiffs lack standing because they failed to plead an injury-in-fact. They allege two theories of harm, but neither amounts to "an invasion of a legally protected interest." *Lujan*, 504 U.S. at 560.[3]

First, Plaintiffs claim that renaming Columbus Day is a discriminatory classification of Italian Americans, an injury in itself, because it "is a holiday widely known to recognize Italian Americans." J.A. 26; *see* Appellant's Br. 10. Citing *Hassan*,

---

[3]Plaintiffs attempt to add a third theory of harm in their appeal. They argue that Executive Order 2-21 negatively impacted the Columbus Day parade and festival. We do not consider this claim because parties may not amend their pleadings in a brief. *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

they argue that a discriminatory classification is sufficient to show injury-in-fact. Appellant's Br. 18 (citing *Hassan*, 804 F.3d at 289–90). But in *Hassan*, the discriminatory classification qualified as an injury-in-fact because it resulted in unequal treatment. 804 F.3d at 289. The plaintiffs in *Hassan* alleged that they were victims of a discriminatory NYPD surveillance program targeting Muslims in the aftermath of the September 11, 2001 terrorist attacks. *Id.* at 284. Surveillance programs, we explained, "can . . . violate . . . rights that give rise to cognizable harms." *Id.* at 292. So the injury was not the discriminatory classification itself, but the discriminatory surveillance program directed at the Plaintiffs *because of* the classification. *Id.* at 284.

Second, Plaintiffs allege that they experienced unequal treatment because Mayor Kenney conferred a benefit on Indigenous People and imposed a burden on Italian Americans by renaming the city holiday. But they have failed to show that redesignating an ethnic holiday is an "invasion of a legally protected interest."

The government does not violate the Equal Protection Clause every time it affirms or celebrates an ethnicity. Otherwise, Columbus Day itself would arguably have been an equal protection violation—but of course it wasn't. Under Plaintiffs' theory, every national or ethnic group in Philadelphia—Asians, Scandinavians, Arabs, Pacific Islanders, and so on—could assert claims against Mayor Kenney and the city for declaring a holiday celebrating a nationality or ethnicity different than theirs. But the Fourteenth Amendment "does not require absolute equality or precisely equal advantages." *Ross v. Moffit*, 417 U.S. 600, 608 (1974) (quoting *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 24 (1973)).

Plaintiffs argue that "[n]o other ethnic celebration was targeted" by Executive Order 2-21. Appellants' Br. 19. "[O]nly Italian Americans . . . were discriminated against by the striking of their celebration off the calendar by an official act." *Id.* True, but "[n]o other ethnic celebration was targeted" because almost no other ethnic celebrations were specifically recognized in the first place.

Philadelphia observes twelve holidays. *Philadelphia City Holidays*, Philadelphia City Council, https://phlcouncil.com/holidays/ (last visited Dec. 12, 2022). Most of the city holidays have no racial or ethnic valence, but honor events and causes common to Americans. Only two arguably embrace a particular ethnicity; other ethnicities receive no special recognition. For example, Irish American city employees who wish to celebrate St. Patrick must take a personal day. The city does not close for Yom Kippur. There is no time off for the Lunar New Year. Plaintiffs might be able to show injury under the Equal Protection Clause if Philadelphia celebrated every ethnicity but conspicuously *excluded* Italian Americans. But we cannot say that they have suffered "invidious discrimination" when the city selectively celebrates particular ethnicities with designated holidays. *See Jamieson v. Robinson*, 641 F.2d 138, 142 (3d Cir. 1981) ("[I]t is only invidious discrimination which offends the Constitution.") (internal quotation and citations omitted).

We do not affirm the District Court's judgment cavalierly. Christopher Columbus is an important and inspiring figure for Plaintiffs, Italian Americans generally, and other Americans. To many, the mayor diminished Columbus's legacy. But a politician's flex does not create a federal case or controversy unless it is accompanied by unlawful

7

discriminatory treatment. To the extent that Plaintiffs seek redress for this offense, their remedy is political, not legal. *See Am. Legion v. Am. Humanist Ass'n*, 139 S. Ct. 2067, 2103 (2019) (Gorsuch, J., concurring) ("[R]ecourse for disagreement and offense does not lie in federal litigation."); *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 636 (Scalia, J., concurring) ("[G]eneralized grievances affecting the public at large have their remedy in the political process.").

## IV

For the reasons stated above, we will affirm the District Court.

# EXHIBIT A

**EXECUTIVE ORDER NO. 2-21**

**DESIGNATING JUNETEENTH AS AN OFFICIAL CITY HOLIDAY AND**

**RENAMING THE HOLIDAY FORMERLY KNOWN AS COLUMBUS DAY**

**TO INDIGENOUS PEOPLES' DAY**

WHEREAS, the City of Philadelphia holds an integral place in our nation's founding as the birthplace of democracy, the Constitution, and the Declaration of Independence, where the following words were written: "that all men are created equal, that they are endowed by their Creator with certain unalienable rights, that among these are life, liberty and the pursuit of happiness";

WHEREAS, despite these words, the United States continued to be stained by the institution of slavery and racism;

WHEREAS, President Lincoln's Emancipation Proclamation, ending slavery in the Confederacy, did not mean true freedom for all enslaved Africans;

WHEREAS, on June 19, 1865, Major General Gordon Granger issued an order informing the people of Texas "that in accordance with a proclamation from the Executive of the United States, all slaves are free";

WHEREAS, the General's order established the basis for the holiday now known as Juneteenth, which is now the most popular annual celebration of emancipation of slavery in the United States;

WHEREAS, on June 19, 2019, Governor Tom Wolf designated June 19th as Juneteenth National Freedom Day in Pennsylvania;

WHEREAS, the City of Philadelphia is a diverse and welcoming city where, according to the 2018 American Community Survey, 40% of residents are Black;

WHEREAS, Juneteenth has a unique cultural and historical significance here in Philadelphia and across the country.

WHEREAS, Juneteenth represents the resiliency of the human spirit, the triumph of emancipation and marks a day of reflection;

WHEREAS, the need to acknowledge institutional and structural racism is needed now more than ever;

WHEREAS, the City of Philadelphia is committed to work for true equity for all Philadelphia residents, and toward healing our communities;

WHEREAS, the story of Christopher Columbus is deeply complicated. For centuries, he has been venerated with stories of his traversing the Atlantic and "discovering" the "New World". The true history of his conduct is, in fact, infamous. Mistakenly believing he had found a new

route to India, Columbus enslaved indigenous people, and punished individuals who failed to meet his expected service through violence and, in some cases, murder;

WHEREAS, over the last 40 years many states and cities have acknowledged this history by recognizing the holiday known as Columbus Day instead as Indigenous Peoples' Day. These jurisdictions include: Arizona, Michigan, Minnesota, North Carolina, Vermont, Virginia, Wisconsin and Washington, D.C.;

WHEREAS, Black Lives Matter;

NOW, THEREFORE, I, MAYOR JAMES F. KENNEY, Mayor of the City of Philadelphia, by the powers vested in me by the Philadelphia Home Rule Charter, do hereby ORDER as follows:

## SECTION 1. DESIGNATION OF JUNETEENTH AS A CITY HOLIDAY

June 19 of every year is designated a holiday for all City employees and shall be treated as such in accordance with the applicable Civil Service regulations and Administrative Board rules.

## SECTION 2. RENAMING OF HOLIDAY

The City holiday celebrated on the second Monday in October, formerly known as Columbus Day, shall now be designated as Indigenous Peoples' Day.

## SECTION 3. DIRECTIVE TO CITY OFFICIALS

The Director of Finance, Chief Administrative Officer and Deputy Mayor for Labor are directed to make appropriate notifications to effectuate this Order.

Date:  January 27, 2021

By: _James F. Kenney_

James F. Kenney, Mayor
City of Philadelphia